274　*MICHAEL FRICKS, plaintiff in error, *v.* ARCHIBALD MILLER, defendant in error.

(Atlanta, June Term, 1870.)

CONSIDERATION—SATISFACTION OF JUDGMENT.—The officers of a company in the Confederate service, purchased a horse for Miller, a member of the company, to ride into service, from Fricks, the plaintiff. Miller died, and the officers turned over the horse to the defendant, who was the father of the deceased, who sold him for more than the officers gave Fricks for him. Fricks, in 1866, sued the officers for the price of the horse, and obtained judgment for the amount. The defendant in the judgment then referred the plaintiff's attorney to Miller, the present defendant, as the person who was to pay the judgment. He admitted his liability, and gave the note now sued on, in payment of the judgment, with the understanding that if the Legislature passed any law "killing old debts," he was to have the same benefit as if the note had not been given by him:

*Held,* That the satisfaction of the judgment against the officers, was a sufficient consideration to support the note, which is the foundation of this action, and that no Act passed by the Legislature would have relieved the defendant if no note had been given, and he is, therefore, liable.

JUDGMENT—FAILURE TO APPEAR AND PLEAD ILLEGALITY—EFFECT.—When a suit was brought since the war in the Courts of this State, recognized by the Government of the United States, it was the defendant's duty to appear and make his defense; and if he failed to do so, and permitted judgment to go against him upon a note, the consideration of which was illegal, he will not afterward be heard to deny the validity of the judgment, unless he can show that there was fraud, illegality or error of law in obtaining the judgment. If he wished to set up the illegality of the consideration, he should have done so on the trial, prior to the judgment.

Fricks v. Miller

Constitutional Law. Before Judge Parrott. Gordon Superior Court. April Term, 1870.

The facts of this case are fully stated in the concurring opinion of Judge Warner, [q. v.]. The Court charged the jury the constitutional provision as to debts made to aid the rebellion, and said if the note were given in lieu of an old judgment, it was a novation and plaintiff should recover, but if it was agreed that defendant was to have the benefit of any subsequent legislation which might be made, the jury should find for the defendant, otherwise the defendant would be defrauded. (The evidence was, that when Miller made the note he hesitated because of a desire to avail himself of any *legislation affecting old debts, and Fricks said that he supposed that the giving of a note would not change his rights in that regard, and then the note was given.)

The jury found for the defendant. Plaintiff moved for a new trial upon the grounds that the latter part of the charge was erroneous and the verdict was contrary to law and the evidence. The refusal of a new trial is assigned as error.

Cantrell and Kiker. D. A. Walker, for plaintiff in error.
William H. Dabney, for defendant in error.

By the Court.—BROWN, C. J., delivering the opinion.

The judgment against Collins and the other officers was obtained in 1866, after the Courts of this State, recognized by the Government of the United States, had been opened, in which the defendants would have been heard to set up the illegality of the consideration of the note. If they desired to defend on that ground, it was their duty to make the defence before judgment. Having failed to do so, we think they are not now entitled to go behind the judgment to allege the illegality of the consideration of the contract, and that they could only have opened it within twelve months after the adoption of our present constitution, for fraud, illegality, or error of law, in procuring the judgment.

If the suit had been brought in the Courts during the war upon such a note, and judgment had been rendered upon it, we are not prepared to say the same rule would apply. The Courts as then organized would not have heard such a defense, as they would have been bound to hold the consideration a legal one: and in such a case, we think the defendant might have moved to open the judgment, at any time before the expiration of the year, after the adoption of the Constitution, for the purpose of showing the illegality of the consideration. But no such reason applies where the suit was brought in the Courts since the war, as no such rule of public policy then excluded the defense.

*We hold that the judgment against Collins and others, which it was the duty of Miller, the defendant, to pay, is a sufficient consideration to support the note, given in

payment of it, which is the foundation of the present action. But it is insisted that Miller gave the note with the understanding that he was to have the benefit of any action of the legislature "killing old debts." Admit this, and we do not see how he is benefited, as there is no such Act killing the judgment for which he gave this note, unless it were attacked within the year, for fraud, illegality or error of law, in procuring it. If the defendants intended to rely upon the illegality of the original contract, they should have done so at the proper time and in the proper form.

Judgment reversed.

McCAY, J., concurred, but furnished no opinion.

WARNER, J., concurring.

This was a suit on a promissory note made by the defendants on the 4th of November, 1866, for $175 00, due the 1st of August, after date. It appears from the evidence in the record, that in the year 1862, Captain Collins and others, purchased a horse of the plaintiff for the defendant's son to ride as a member of a cavalry company in the late war, and gave their note for the horse, that the plaintiff knew for what purpose the horse was purchased, that the defendant's son died, and after his death, the horse was turned over to the defendant, who sold him for more than the plaintiff got for him. After the war, the plaintiff sued Collins and the other makers of the note given for the horse, and obtained judgment thereon in 1866. The note now sued on, was given by the defendant in payment of that judgment to the plaintiff, and the question is, whether that judgment constituted a legal and valid consideration for the note, or in other words, whether the defendant can be allowed to go behind that judgment, and show that the consideration on which it was founded was illegal, as a defense to the note given to the plaintiff therefor. Judgments are the sentence of the law, *pronounced by the Court, upon the matter contained in the record. Final judgments are such as at once put an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for: 3 Bl. Com., 305, 307. The 3519th section of the Code declares, that the judgment of a Court of competent jurisdiction, is conclusive between parties and privies, as to the facts which it decides, until reversed or set aside. The judgment of a Court of competent jurisdiction cannot be collaterally attacked in any other Court, for irregularity, but shall be taken and held as a valid judgment, until it is reversed or set aside, and such judgment cannot be set aside, either in a Court of law or equity, unless it be for fraud, accident or mistake, or the acts of the adverse party, unmixed with the negligence, or fault of the party complaining, Code: 3535, 3537. The defendants in that judgment do

not complain of it, and if they did, it would be conclusive upon them as to any defense which they had the opportunity to make prior to the rendition of the judgment against them. The 17th section of the 5th article of the Constitution of 1868 relates to contracts made in aid of the rebellion, which have not been reduced to judgment, and points out the mode of defense to suits on such contracts, but has no application to judgments. It is true that the Code declares, that a contract of record is one which has been declared and adjudicated by a Court having jurisdiction, or which is entered of record, in obedience to, or in carrying out the judgment of a Court, section 2674, but it is, nevertheless, a judgment of the Court, with all the elements, qualities and attributes of a judgment, and as such is not embraced or contemplated as one of that class of contracts specified in the 17th section of the 5th article of the Constitution of 1868. This is the more apparent from the fact that the 5th section of the 11th article of that same Constitution declares, that "all rights, privileges and immunities which may have vested in, or accrued to any person, under any decree, judgment, or order of any Court, sitting in this State under the laws then of force and operation therein, and recognized by the people as a Court of competent *jurisdiction, since the 19th of January, 1861, shall·be held inviolate by all the Courts of this State, unless attacked for fraud, or unless otherwise declared invalid by or according to this Constitution." The 6th section of the 11th article of that same Constitution provides for the setting aside and vacating said judgment for fraud, illegality or error of law, in obtaining the same, provided, the motion or application, be made for that purpose, in twelve months from the adoption of the Constitution. The judgment of the plaintiff against the defendants therein, for which the defendant gave his note, was a valid, subsisting judgment, and constituted a legal and valid consideration for the note, and the defendant cannot go behind that judgment and show that it was founded on an illegal consideration as a defense to the note given by him to the plaintiff in payment of that judgment, the more especially as it appears from the evidence in the record, that he received the horse for which the original note was given, and sold him for more than the plaintiff got for him. In my judgment, the Court below erred in overruling the motion for a new trial in this case.