A. C. WYLY & COMPANY, plaintiffs in error, *vs.* BURNETT & RIXEY, defendants in error.

1. Where the plaintiffs consigned to the defendants as commission merchants, a certain quantity of Scotch snuff to be sold for them, and the defendants sold the snuff for Confederate money, mixed the money with their own and used it without giving the plaintiffs any notice of the sale of their snuff:

*Held,* That the defendants were liable to the plaintiffs for the value of the Confederate money received and used by them for the snuff at the time the same was sold.

2. The bill of exceptions recited the facts and rulings, and after each ruling said, "and defendants except." A motion to dismiss it for want of a proper assignment of error was overruled. (R. See end of Report.)

Commission merchants. Bailment. Before Judge HOP-KINS. Fulton Superior Court. October Term, 1870.

Burnett & Rixey sought to make A. C. Wyly & Company, commission merchants, liable for certain snuff sent to them for sale in 1863 and 1864. The evidence showed that they received the snuff and sold part of it, that they stored the balance, and it was taken by Confederate cavalrymen, in a body too large to be resisted. Plaintiff denied their right to make this showing, and claimed that the facts showed neglect in them, by which this loss occurred, for which they should respond. It was shown that A. C. Wyly & Company sold $2,000 00 worth in Confederate currency, and held charges, etc., on the lot, by which that amount was reduced to $1,000 00 or $1,200 00. Defendants were always ready, willing and desirous to pay plaintiffs, but no call for it was made till after the war. Defendants did not keep said money separate and apart from their own, but used it. But they always had and kept on hand enough to pay all outstanding demands against them, and they wished at all times to pay off all demands and keep even in their business, and when the war closed they had Confederate money (which died on their hands) more than enough to pay all they owed plaintiffs or had collected for them, and they kept Confederate money on hand to meet such claims as might be against them, including plaintiff's. There was evidence *pro* and *con* as to a demand of the unsold snuff, and a refusal to deliver it. The plaintiffs resided in Virginia, and did not pretend to have called for the Confederate money which was gotten for the part sold.

Besides the Ordinances of 1865, etc., the Court charged the jury as follows: " If defendants sold part of the snuff for Confederate Treasury notes, and used them for their own purposes or mixed them with their own or with notes of like character that were received from sales of the property of other consignors, and used from the notes, thus mixed, for their own purposes, they then became liable to pay the plaintiffs the value of the notes thus used, at the time they were used."

The plaintiffs obtained a verdict for $211 68, with interest from the 1st of July, 1864. Defendants moved for a new trial upon various grounds. The only one ruled on here was said charge. The Court refused a new trial, and that is assigned as error. The charge as quoted is from the Judge's certificate. It is worded differently in the bill of exceptions. (The bill of exceptions recited what occurred and closed each recital with, " and defendants except." A motion was made here to dismiss the bill of exceptions because that was no proper assignment of errors, but the motion was overruled.)

HILLYER & BROTHER, MYNATT & DELL, for plaintiffs in error, cited Revised Code, section 2167 ; Story on B., sec. 40 ; 25 Georgia Report, 8 ; 3 Am. L. R., 144.

ARNOLD & BROYLES for defendants. On motion to dismiss : 35 Georgia Report, 126 ; Revised Code, section 4192; 30 Georgia Report, 346, 727, 728 ; 24th, 605, 606. The charge was right: 2 Wall R., 252 ; 35 Georgia Report, 8, 16, 17, 20, 21 ; Runel on F. & Br., 37, 38, 40, 44, 45.

WARNER, Judge.

This was an action brought by the plaintiffs against the defendants, as commission merchants, to recover the value of several hundred pounds of Scotch Maccaboy snuff, consigned to the defendants for sale during the years 1863 and 1864, and which was sold by them for Confederate money. It appears from the evidence in the record, that the defendants did not keep the money received by them for the snuff, separate and apart from their own money, but used it themselves, though they always had and kept on hand enough to pay all outstanding demands against the firm, and when the war closed they had Confederate money more than enough to pay the plaintiffs demand, which died on their hands ; that the plaintiffs never demanded the money of them until after the war.

Wyly & Company *vs.* Burnett & Rixey.

The Court charged the jury, that "if defendants sold part of the snuff for Confederate treasury notes and used them for their own purposes, or mixed them with their own, or with notes of like character that were received from sales of the property of other consignors, and used the notes thus mixed for their own purposes, they then became liable to pay to the plaintiffs the value of the notes thus used, at the time they were used." The jury found a verdict for the plaintiffs, for the sum of $211 68. The defendants made a motion for a new trial, on the ground that the Court erred in its charge to the jury, and on other grounds, which were overruled by the Court, and the defendants excepted. The only ground of error insisted on in the argument here, was the alleged error in the charge of the Court before recited. In view of the evidence disclosed by the record, there was no error in the charge of the Court to the jury as to the liability of the defendants for the value of the Confederate money for which they sold the plaintiffs snuff and used for their own purposes. If the defendants had deposited the Confederate money for which they sold the snuff, in bank to the plaintiffs' credit, or had kept it separately from their own money for them, and had given the plaintiffs reasonable notice thereof, then, if the plaintiffs had failed to call for it, and the money became worthless, it would have been the plaintiffs' loss; but as the defendants used the money as their own, without giving the plaintiffs any notice that they had the money arising from the sale of their snuff, they were liable for its value at the time it was so used by them.

Let the judgment of the Court below be affirmed.