McCay, Judge.
The Constitution of 1868, Article V., section 3, paragraph 3, says: “The Court shall render judgment without the verdict of a jury in all civil cases founded on contract, where an issuable *413 defense is not filed on oath.” It is significant on the point now under consideration that the language used is not that the Court shall try, without the intervention of a jury, such cases, but that the Court shall give judgment without the verdict of a jury. It does not seem to have been contemplated there should be á trial. Taking the language literally, and without reference to the previous history of pleading and practice in this State, the construction would very naturally be, that the statements of the plaintiff are to be taken for true, and a judgment to be rendered without more, according to the facts as set forth in the declaration. A judgment is the conclusion of the law after the facts have been ascertained, and it would be no more than a literal construction of this language to say that it means the Court shall treat the defendant as *wholly in default, and as having admitted the plaintiff’s statements to be true, and render judgment accordingly, without any verdict, or true saying, or finding of the facts.
But since the Act of 1799, the effect of a default in this State has never been so much as this. The plaintiff must still make out his case: Act'of 1799, section 10; Revised Code, section 3405. And the practice since 1868, when this requirement of a sworn plea was introduced, has been uniform to treat the failure to file a plea under oath simply as entitling the plaintiff to a judgment by default, not in the common law sense of the word, but as it has been understood in this State since 1799. As we have said, this is, perhaps, a construction .of the Constitution of 1868 more favorable to the defendant than is at first sight suggested by the words of the Constitution, but we are not disposed to interfere with the practice, founded, as it is, upon the idea of a judgment by default, as long understood in this State. The effect of a non-appearance in this State is, in general, not to admit the plaintiff’s statements, but to announce that the defendant has nothing to say — he leaves the matter to the Court. If the plaintiff can satisfy the Court that he is right, he may have a judgment.
■ The end sought to be attained by the introduction into the Constitution of the State of this clause was not, as we think, to introduce a mode of trial by a Judge, instead of the ancient mode of trial by jury. Whatever may be the case now with a certain class of minds, as to the opinions they have of jury-trials, we do nbt think any distrust of that ancient system existed in the Convention of 1868. It put a clause into our fundamental law elevating the qualifications of jurymen, but it guarantees the right of trial by jury, as heretofore used. The real intent of the clause under consideration was to prevent delay. With this view, appeal trials were abolished, and this provision made that there should be no trial by jury unless the defendant would, under oath, set up ¿ substantial, issuable defense. It would, indeed, be a strange system if, as is contended, the only change intended was to transfer the trial from *414 the jury to the Judge, if the defendant failed to swear *to his plea. Cui bono? What end is to be attained? Is there any more reason to have a trial by jury, if the plea is sworn to, than if it is not? What motive is there for providing that if the pleas are sworn to, the trial shall be before a jury, but if they be not sworn to, the same pleas, the same issues, shall be tried by the Court? What end is to be attained, and what motive presents itself as the ground for sending a sworn plea to a jury, and trying an unsworn one by the Judge?
Under the construction heretofore put, and under the practice since 1868, a great progress is made in the transaction of business. The defendant is in default unless his plea is sworn to. No issue is for trial, unless the defendant is able to verify the facts on which it is founded. The result is, that the number of issues for trial is largely lessened, and the public business is not hampered and delayed by pretended defenses.
Our judgment is, that in the cases covered by this clause, if there be no legal, issuable defense filed under oath, the case is in default, and the plaintiff is entitled to proceed to make out his case before the Judge, by the production of his evidence of debt, as has always been the effect of a judgment by default in this State. As a matter of course, this rule does not cover cases of open account where the defendant has been personally served. In such cases, if there be default, the judgment goes without evidence: Irwin’s Revised Code, section 3405.
Judgment reversed.