W. M. & R. J. LOWRY, plaintiffs in error, vs. EDWIN PARSONS et al., defendants in error.

Where the charter of a bank made the private or individual property of each stockholder, as well as their joint property, liable for the redemption of the bills of said bank, and for the payment of all the debts and liabilities of the same, and provided that when any judgment shall be obtained against said bank, and execution issued thereon, it shall be the duty of the levying officer, first, to levy the same on the property of said corporation and to sell the same, and if the proceeds thereof shall be insufficient to pay off said execution, and the return of said officer of no corporation property shall be sufficient proof of the same, it shall be the duty of said officer next to levy said execution on the individual property of any stockholder or stockholders, and sell the same until an amount is raised sufficient to pay off said execution, each stockholder only to be liable for the whole indebtedness of the bank in proportion to the amount of his stock, and that any stockholder who pays off, any such execution or part thereof, shall have the right to use and control the *fi. fa.* against all the other stockholders, so as to collect the ratable share out of each of them:

*Held*, that a judgment against the bank, under such a charter, is a judgment also against each stockholder to the extent of his stock, and as between such judgments, the oldest has the right to be first paid out of any money raised by the sheriff out of the property of any stockholder. Whether such a judgment has a lien on the property of a stockholder from its date, as against a *bona fide* purchaser of such property, without notice? *Quære.*

Banks. Stockholders. Judgments. Execution. Before Judge UNDERWOOD. Floyd Superior Court. January Term, 1874.

This case is fully reported in the above head-note.

REUBEN ARNOLD; E. N. BROYLES, for plaintiffs in error.

Lowry *vs.* Parsons *et al.*

Amos T. Akerman, by Jackson & Clarke, for defendants.

McCay, Judge.

By the plain, positive terms of the charter of this bank, it was not only stipulated that the stockholders should be liable for the debts and liabilities of the bank, but it was contracted for, in terms, that a judgment against the bank should be capable of being enforced by a levy on the property of the stockholders. It seems to us unquestionable that the necessary legal effect of this language is, as to these stockholders and the creditors, at least, to make the judgment against the bank a judgment also against the stockholders. A judgment is the conclusion or declaration of the court as to the rights of the parties entered of record. Is not this judgment just that? There is but one question open: is any particular person a stockholder? When he is found to be such, by the express terms of the charter—by his own solemn contract with the state—he has agreed that the judgment against the bank shall be conclusive as to him, and shall be the basis of a process that may seize and sell his property. This money comes into court on the assumption that the party out of whose property it was raised is a stockholder, and the money is to be distributed on that idea. It is not for anybody claiming this money to make any issue, either as to the fact of his (the defendant) being a stockholder, or that he is such to the amount of the money on hand. What hinders, therefore, these judgments, all of them, from being judgments against the stockholder? They all are judgments against the bank, and they all are declared by law to be capable of seizing and selling the property of the stockholders. That is the leading effect of a judgment—the very object of a money judgment—its quality of qualities.

The evident theory of this charter is that each debt contracted by the bank is a debt of the stockholders, and each suit against the bank is a suit against the stockholders. Notice to the bank is notice to them, and the judgment is con-

clusive as to them. There is but one qualification—the property of the bank is to be first exhausted. It is pretty plain that this does not simply mean there shall be a return of no property. That is, doubtless, *prima facie* evidence, but we suppose the act to mean that the property of the bank shall be exhausted. When the plaintiffs in error sell the property of a stockholder, they are therefore estopped from saying that the owner of the property is not a stockholder, or that the bank has any property unexhausted. Every issue, therefore, is closed. The bank, by the judgment of the court, owes the debt, its property is exhausted, and the money in court has been raised by the sale of the property of a stockholder.

Under our law, judgments have dignity according to date, and both in the federal court and the state court, the judgments of either have always been recognized as standing in this relation to each other. The oldest judgment is of the highest dignity, has the first lien, and is the first to be paid: Code, 3580; *Harrison vs. McHenry*, 9 *Ga.*, 164; *Johnson vs. Mitchell*, 17 *Ibid.*, 593. The only argument presented that strikes us as presenting any serious difficulty to this view of the subject is that which presents the danger and inconvenience of holding a judgment to bind the property of a defendant whose name does not appear of record. It is said that it can hardly be supposed the legislature intended thus to set a trap into which innocent purchasers may fall, and this is doubtless true. Were this an issue between a purchaser and one of these judgments, the right of the purchaser would present itself very strongly; but there is a wide difference between a lien authorizing a sale, and a lien following property sold to an innocent purchaser. We have held, as to all the secret liens of factors, landlords, mechanics, etc., that whilst they are good as against the owner, and have rank and dignity as to each other, they do not follow property into the hands of an innocent purchaser for value. And even as to judgments, the lien is lost if not enforced, as to realty, in four, and as to personalty, in two years. It does not at all follow that a judg-

ment, with authority to sell, is such a lien as to follow property into the hands of a purchaser.

The argument that the plaintiff in error ought to have the advantage of his superior diligence, would apply just as strongly to all cases where an older judgment comes in to claim money raised by a younger. The reply is, such is the settled law of this state, and it is for the legislature, and not the courts, to change it.

Judgment affirmed.