### 4816. UNION MUTUAL ASSOCIATION *v.* COOPER.

The judge of the superior court erred in dismissing the certiorari on the ground that "the certiorari petition does not set out any clear and specific assignment of error upon any specific and judicial act of the justice, judicial decision, or judgment."

DECIDED SEPTEMBER 9, 1913.

Certiorari; from Bibb superior court—Judge Mathews. February 12, 1913.

*C. J. Johnson,* for plaintiff in error.

HILL, C. J. The petition for certiorari set out the following facts: On December 18, 1911, C. L. Cooper sued out against petitioner in a designated justice's court a proceeding to foreclose an alleged laborer's lien for $10 upon certain personal property, to wit, "more than thirty policies of insurance." Execution issued thereunder and was levied, on said date, by J. D. Barkley, a constable, upon a roller-top desk belonging to petitioner. When said levy was made the defendant in execution (petitioner in certiorari) denied owing said pretended claim and offered to give bond. Refusing to comply with said request, said levying officer, under threat of immediately seizing said property, demanded and received from petitioner a cash deposit of $12, upon the representation that the same would be accepted and held in lieu of the bond required by law, which petitioner offered to make, and pending the making of the same; petitioner parting with said $12 upon the represen-

tation that the same would be refunded, and parting with the same as the only alternative to prevent the immediate seizure of said property, and under no agreement or condition of any kind whatever that the same should be applied to said pretended claim. The next day petitioner gave bond and filed a counter-affidavit in said foreclosure proceeding. When the issue in the case came on regularly to be tried, the attorney for plaintiff in execution stated in his place that the court had paid over to him $10, the amount of the claim sued on, and that he had paid over the same, less his fee, to the plaintiff, and that the case was at an end so far as the plaintiff was concerned; that he had no further connection with the case as attorney for plaintiff, and advised and urged the court to enter up the case on the docket as having been settled and costs paid by the defendant. Petitioner's attorney objected and moved to dismiss the case for want of prosecution. The court overruled this motion. Petitioner's attorney then moved the court that the case proceed to trial on its merits, and this motion was overruled by the court, and the court then ruled that the case had been settled and costs paid by the defendant, and made an entry to this effect on the docket. The answer of the justice to said petition for certiorari admitted the truth of petitioner's allegation that on the next day after said levy was made petitioner gave the levying officer bond with good and sufficient security approved by him, and also filed in said justice's court a counter-affidavit in the case. The answer, however, denied other allegations in the petition. A traverse to this answer was duly filed.

The issue formed upon the petition for certiorari, the answer, and the traverse coming on regularly to be heard before a jury in the superior court, the judge took the case from the jury and passed an order dismissing the petition for certiorari, on the ground that "the certiorari petition does not set out any clear and specific assignment of error upon any specific and judicial act of the justice, judicial decision, or judgment." In the petition for certiorari the following facts are set out, with the judgment of the court thereon, and a specific assignment of error made to the judgment: that the court overruled a motion by defendant to dismiss the case for want of prosecution; that the court overruled a motion by defendant that the case proceed to trial on its merits; that the court, over objection of defendant, ruled that the case had been "settled and

costs paid by defendant," and entered up judgment accordingly. It is specifically alleged, (1) that the judgment and rulings of the court are contrary to law; (2) that the judgment of the court is contrary to law; (2) that the judgment of the court is contrary to the evidence; (3) that the judgment is contrary to law, for that petitioner has not been allowed his day in court, and has not been given an opportunity to be heard on the merits of the case; that the court should have passed an order directing said levying officer to refund said $12 to petitioner before entering up final judgment in the case; (4) that the judgment is contrary to the evidence and the law, for that the case has not been settled; that the defendant (this petitioner) has paid nothing in settlement of said claim or the costs. We can hardly conceive of assignments of error more specifically and definitely made. Certainly the overruling of the motion to dismiss the case for want of prosecution is a specific and judicial act of the justice, constituting a judicial decision and judgment. So, also, was his overruling the motion that the case be tried on the merits, and certainly the ruling that the case had been settled and an entry to that effect on the docket was a decision given by the justice, and was in the strictest sense a judicial and final decision. It would seem that the assignments of error are meritorious, but of this we say nothing. We hold only that the judge of the superior court erred in his judgment that "the certiorari petition does not set out any clear and specific assignment of error upon any specific and judicial act of the justice, judicial decision, or judgment." But irrespective of this, certainly the issue on the traverse should have been submitted to the jury. See 17 Am. & Eng. Enc. Law (2d ed.), 762; *Fricks* v. *Miller,* 41 *Ga.* 274; *Craig* v. *Pope,* 48 *Ga.* 551; *Lowry* v. *Parsons,* 52 *Ga.* 356; *Blandford* v. *McGehee,* 67 *Ga.* 84, 88; *Wyly* v. *Burnett,* 43 *Ga.* 438.

*Judgment reversed.*