## VEAL vs. WILLINGHAM.

1. Where it was agreed between the parties that the wholesale market value of certain goods should be assessed by two merchants residing in a certain place, one to be chosen by each of the parties, and that, if these two could not agree, they should call in a third merchant, and where this was done, although the assessors did not, in terms, state that the amount fixed was the wholesale market value of the goods, yet where the testimony showed that it was the value of the goods at the time of the assessment, at a wholesale price, such assessment was admissible in evidence in a contest between the parties.

(a) The questions, whether or not the third assessor selected was a merchant of the town stated in the agreement; and whether or not the plaintiff objected to the third assessor on the ground that he was not such a merchant; and whether the defendant furnished an invoice of the goods, as provided in the agreement between the parties; and whether, before the making of the assessment, and during its progress, the plaintiff notified the person selected not to appraise or make the invoice on his account, were submitted to the jury; and their findings thereon will not be disturbed.

2. There was no error in admitting in evidence the affidavits of the plaintiff and the distress warrant for rent of the premises in 1881,

together with the counter-affidavit of the defendant and the verdict of the jury in that case, it being necessary, under the ruling of this court when the case was formerly before it, for the defendant to show that the rent for 1881 had been paid.

3. The court properly construed the agreement between the parties as providing, that it was the duty of the two persons selected by them, if they could not agree, to select a third man. The contract did not mean that the third man was to be selected by the plaintiff and defendant, but by the other two assessors.

4. There was no error in the charge complained of in the sixth ground of the motion, taken in connection with the balance of the charge on that subject.

5. There was no error in submitting to the jury the question whether or not the third assessor was a merchant in the place stipulated, in the meaning of the term as used in the agreement. The jury found that he was such a merchant, and that the plaintiff did not object to him at the time the work commenced; and their verdict will not be disturbed.

6. The court submitted fairly to the jury the question as to what objection the plaintiff made, and whether it was made simply as to the price of the goods, or as to the assessors. He charged, in substance, that if a good objection to the assessors was made in time, the plaintiff would not be bound by the assessment; but if the objection was made only in regard to the price of the goods, and there was no objection to the assessors, he would be bound. Such a charge was not erroneous.

7. The questions as to whether the plaintiff had notice of other *fi. fas.* against the defendant, and as to whether the goods were taken out of plaintiff's possession by the sheriff, and as to whether the levy interfered substantially with his compliance with the conditions of purchase, were fairly submitted to the jury; and they having found in favor of the defendant on these issues, and the evidence authorizing the finding, the verdict will not be disturbed.

November 1, 1887.

Evidence. Contracts. Arbitration and award. Charge of court. Estoppel. Before Judge RICHARD H. CLARK. Dekalb superior court. March term, 1887.

The facts of this case may be sufficiently gathered from the head-notes, the opinion of the court, and the decision when this case was before the Supreme Court at a previous term, which may be found in 74 *Ga.* 755; together with the following statement:

One of the defences insisted upon was, that the landlord, Veal, should be charged with the value of certain goods which had belonged to the tenant, and which Veal had agreed to take upon the indebtedness between them. The agreement as to these goods was signed by Veal and Willingham, and contained the following provision:

"J. T. Willingham agrees to bill off said goods to the said A. J. Veal at an early day; if the said A. J. Veal and J. T. Willingham cannot agree on the wholesale and market value of said goods, to choose each one a merchant of Stone Mountain to assess the value of said goods, and if the said two merchants cannot agree, to call in the third merchant; said J. T. Willingham agrees to furnish a cost-mark and bills to assist in billing off the said goods."

The charge complained of in the sixth ground of the motion was, that whether the defendant was a tenant for a term of two years or a longer term, turned upon whether the goods stipulated in the contract to be purchased were chargeable in law to Veal.

The terms of the tenancy may be seen by an examination of the former decision above referred to.

HARRISON & PEEPLES, for plaintiff.

CANDLER, THOMSON & CANDLER, for defendant.

SIMMONS, Justice.

The plaintiff in error sued out a distress warrant against the defendant in error, alleging that the defendant in error was his tenant, and that he was holding the premises over and beyond the time the same was rented, and that he had failed to pay the rent due the deponent for said premises when the same became due. Willingham, the defendant in error, filed a counter-affidavit, denying that he was holding over and beyond his term, or that the rent was due. On the trial of the case in the court below, the jury found for the defendant. The plaintiff moved for a new

trial on the several grounds taken in the motion, which was overruled by the court, and the plaintiff excepted.

The 1st and 2d grounds were not insisted upon before us.

1. We see no error in admitting the evidence complained of in the third ground of the motion. The invoice was made by the persons selected by the two parties, the plaintiff and the defendant; these persons selected a third man; these three persons assessed the value of the goods in the store. And while it is true they did not call it the wholesale market value of the goods, yet, according to the testimony in the case, it was the value of the goods at the time of the assessment at a wholesale price.

Nor do we see why the persons who assessed the value of the goods were not competent for that purpose, under the contract between the parties. The plaintiff selected one person and the defendant another; these two selected the third person. While it is true that the contract said that the three must be merchants of the town of Stone Mountain, the question was left to the jury as to whether Mr. Nash was a merchant in Stone Mountain or not; and they having found that he was, we think the parties are bound by the verdict of the jury on that question.

The question was also submitted to them, in the charge of the court, whether Mr. Veal objected to Nash upon that ground, or not; and they having found that there was no objection made, we think that Veal is bound by the verdict of the jury.

It is also objected to the admissibility of the evidence, that there was no proof that Willingham furnished an invoice of said goods. That question was also submitted to the jury by the court; and the jury having found that he did furnish such an invoice of the goods, and the proof authorizing the finding, we do not think it should have been rejected on that account.

It is also objected that, before the making of the invoice began, and during its progress, the plaintiff notified the persons selected not to appraise or make the invoice on

his account.   This question was also submitted to the jury by the court; and the jury having found that no valid objection was made to the persons who had been appointed to assess the value of the goods, and the evidence in the case warranting, if not demanding, such a finding, we do not think that the invoice should be excluded on that ground.

2. We see no error in admitting in evidence the affidadavits of the plaintiff, and the distress warrant for rent of the premises in 1881, together with the counter-affidavit of the defendant, and the verdict of the jury in that case. It was necessary, under the ruling of this court when this case was here before, (74 *Ga.* 755,) for the defendant to show that the rent for 1881 had been paid.

3. Nor do we see any error in the charge complained of in the 5th ground of the motion.   The court was correct in holding that it was the duty of the two persons selected under the contract between the parties, if they could not agree, to select the third man themselves.   That was the proper construction of that clause in the contract.   The contract did not mean that if the two parties selected by the plaintiff and the defendant could not agree upon the price, the plaintiff and the defendant were to select the third man, but thatt he assessors should select him themselves.

4. We see no error in the charge complained of in the 6th ground of the motion, taken in connection with the balance of the charge on that subject.

5. The error complained of in the 7th ground of the motion has already been considered, in reply to the objection in the third ground.   As said before, the question whether Nash was a merchant of Stone Mountain was submitted by the court to the jury; and after hearing all the evidence upon that question, the jury determined that he was a merchant, in the meaning of the term as used in the agreement.   Besides that, the court charged the jury that if Nash was selected by the other two assessors, and Mr.

Veal was present and did not object to Nash's acting as the third man, he was estopped from raising the objection after the assessment had begun; but that if he did object, then he would not be bound by the assessment made by Nash. The jury found by their verdict, not only that Nash was a merchant of Stone Mountain, but that Veal did not object to Nash at the time the work commenced; and we will not disturb their verdict upon that issue.

6. There was no error in the charge complained of in the 8th ground. The court submitted the question fairly to the jury as to what objection the plaintiff made, and whether it was made simply as to the price of the goods or as to the assessors. He told them, in substance, that if the objection was made to the assessors, and made in time, and that objection was good under the rules the court had already given in charge, then Veal would not be bound by the assessment; but if it was made only in regard to the price of the goods, and there was no objection to the assessors, then he would be bound, because he had stipulated in his contract that the price of the goods should be ascertained in that manner. We think the court was right in so instructing the jury.

7. We do not think the objections made to the charge as set out in the 9th ground well-taken. The question was fairly submitted to the jury by the court, as to whether Veal had notice of other *fi. fas.* against Willingham, and as to whether the goods were taken out of Veal's possession by the sheriff, and as to whether the levy interfered substantially with his compliance with the conditions of the purchase. And the jury having found in favor of Willingham on these issues, and the evidence authorizing the finding, we will not disturb their verdict upon this ground.

Judgment affirmed.