## 62136. MAGGIONI v. L. P. MAGGIONI & COMPANY, INC. et al.

CARLEY, Judge.

The sole issue presented for review in the instant appeal is the proper construction of the following contractual provision: "[Appellant's accountant] and [appellee's accountant] have examined and shall continue to examine the books of the Companies pending closing and shall determine which company should be responsible for expenses incurred since May 31, 1980 and in what amounts. *If agreement cannot be reached on any particular expense* then they will select a third person to break any such deadlock and the agreement of the majority of such persons shall determine the issue." (Emphasis supplied.) Pursuant to this agreement, the two accountants met and proceeded to determine responsibility for the relevant expenses. As to one "particular expense," there apparently was not initial agreement between the two accountants. However, a compromise was thereafter successfully negotiated between them whereby each company would bear a portion of the expense. Appellant, contending that the expense in issue was chargeable in its entirety against the corporate appellee, disputed his accountant's authority under the agreement to "compromise" the issue of corporate responsibility for an expense. It was appellant's interpretation of the agreement that the two accountants were authorized only to determine whether they were in *initial* agreement and, in the event they were not, to select a third party "to break any such deadlock." Thus, under appellant's interpretation of the provision, the two accountants should have submitted the issue of responsibility for the disputed expense to a third party and not have compromised the issue between themselves.

The amount of the disputed expense was paid into the registry of court and became the subject of a claim by appellant. The trial court held a hearing on appellant's claim. Appellant's claim was denied by the trial court in an order which construed the provision as follows: "The paragraph in question clearly gives [the accountants] the right to agree. It does not exclude the right to agree by compromise. If they had been unable to agree by compromise or otherwise, then it would have been necessary for them to bring in a third party to break the tie." Appellant appeals, asserting that the trial court erred in its interpretation of the provision, in denying his claim and in ordering the funds paid out to appellees.

Resolution of the issue turns on the interpretation of that language in the provision which envisions the circumstances at which the mutual authority of the two accountants to determine the issue

between themselves ends and the requirement that a third party be selected to break the "deadlock" is triggered. That crucial language is: "If agreement cannot be reached on any particular expense . . . ."

"[T]he word 'consent' is not an exact synonym of the word 'agree,' as was stated by Chief Justice Russell in his dissent in *Malcom Bros. v. Pollock,* [181 Ga. 687, 694 (183 SE 917) (1935)]" *Smith v. Jones,* 185 Ga. 236, 241 (194 SE 556) (1937). "The word 'agree' implies discussion or opportunity to discuss a proposition. 'Consent' merely implies that no opposition was interposed to a proposition." *Malcom Bros. v. Pollock,* 181 Ga. at 694, supra. (Dissent of Chief Justice Russell.) It is clear that, under appellant's interpretation of the provision, the two accountants had mutual authority to determine only if there was initial mutual "consent" to the placement of corporate responsibility for an expense and, if that initial consent were lacking, to choose a tie-breaking third party. However, under the clear and unambiguous terms of the provision, the accountants were given authority to attempt to reach an *agreement* before the duty devolved upon them to submit the issue to another. "The first definition of the word 'agreement' . . . is 'A coming together of parties in opinion or determination; the union of two or more minds in a thing done or to be done; a mutual assent to do a thing.' " *Smith v. Jones,* 185 Ga. 236, 241, supra. Obviously, if the two accountants had authority to *reach an agreement,* they had concomitant authority to negotiate and to compromise on a mutually agreeable resolution of the issue. "Authority to an agent to do a thing generally includes authority to do everything necessary for the accomplishment of the main object. [Cit.]" *Martin & Hicks v. Bridges & Jelks Co.,* 18 Ga. App. 24 (2) (88 SE 747) (1916). It follows that "[t]he court properly construed the agreement between the parties as providing, that it was the duty of the two persons selected by them, *if they could not agree,* to select a third man." (Emphasis supplied.) *Veal v. Willingham,* 80 Ga. 243, 244 (3) (4 SE 554) (1887). The evidence demonstrates that the two accountants, pursuant to their authority under the contract, did agree on the disputed corporate expense and entered into a compromise binding on both their principals. The order of the trial court, approving the determination of the accountants and directing that the disputed funds be paid to appellees, was correct.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 9, 1981.

*Kathleen Horne, Richard J. Harris,* for appellant.

*Barnard M. Portman, W. Lamar Fields, Alexander L. Zipperer,* for appellees.