THE EXCHANGE BANK OF MACON *vs.* ELKAN.

Suit was brought in the county court of Bibb county. On the first day of the term, no litigated cases were heard, but judgments were rendered where no defences were set up. Counsel for plaintiff in this case stated that he desired a judgment in it. The court inquired if the case was defended, to which counsel responded in the negative, and the court permitted him to make out his case by proof, and rendered judgment for the plaintiff. No plea had been filed, and no name of counsel for defence had been marked on the docket. Later in the day, two attorneys who had obtained leaves of absence came into court, and announced that they had a defence to the suit; that they had conferred with counsel for the plaintiff, and that the understanding had with him was, that the case should not be heard until they had been advised. The judge of the county court, upon this statement, ordered that the judgment be opened, and that the defendant be allowed to plead:

*Held*, that this was error. No agreement of counsel is binding, unless in writing. No such agreement was shown, but the case was reinstated, upon the mere verbal statement of counsel for one side. Nor

was it proper to pass such order without notice to opposing counsel, and thereby practically pronounce him guilty of bad conduct, without a hearing.

(a.) This court recognizes the distinction between a motion for new trial and a motion to set aside a judgment; and also a motion to arrest a judgment and one to set it aside. The rule is also recognized that judgments of a court of record are *in fieri*, at least until entered of record or on the minutes of the court, if not during the entire term. But if this were a motion to set aside a judgment, notice should have been given to the adverse party. Strictly speaking, this motion was neither a motion for a new trial, nor one to set aside a judgment, nor to arrest a judgment. It partakes rather of the nature of the first than of the others, not being predicated on what appears of record. It was, in fact, a matter of practice in the county court.    Code, §3588; 53 *Ga.*, 91, 52; 55 *Id.*, 274. Judgment affirmed.

October 16, 1883.

JACKSON, Chief Justice.

[On *certiorari* to the superior court, the action of the judge of the county court in opening the judgment was set aside, and to this exception was taken.]