## 27. BRAWNER v. MADDOX.

1. The right given by the Civil Code, § 5529, is one the exercise of which is optional with the plaintiff in error. It is cumulative of the right to take the course pointed out in § 5528. The plaintiff in error is not required to prefer its use to the method laid down in § 5528.

2. The brief of so much of the evidence as is "material to a clear understanding of the errors complained of," which is incorporated in the bill of exceptions in this case, is sufficient. Enough evidence admitted to be true is specified in the bill of exceptions and appears in the record to make clear the errors complained of.

3. Even if this were not the case, this court has no power to dismiss the writ of error on that ground. Civil Code, §§ 5534, 5569. We therefore refuse to dismiss the writ of error.

4. The entry "def'lt" on the judge's docket is a sufficient entry of the fact that no defence has been filed in the case.

(a) The entry of the judge on his docket is in the nature of a memorandum for his use and guidance. No set formality is required for the judgment mentioned in § 5077 (judgment by default), except that "the court shall enter default on the docket, which shall be considered a judgment by default, without a formal entry thereof."

(b) The word "default" may be represented by an intelligible abbreviation.

5. The opening of a default at a trial term, after the defendant conforms with the conditions imposed by § 5072, is a matter expressly within the discretion of the trial judge.

(a) That power conferred on him is ample and to be used in the exercise of a sound legal discretion.

(b) We are not prepared to say that this discretion was abused in this case, and therefore hold that no error was committed in opening the default.

6. There was no error in sustaining defendant's demurrer to plaintiff's petition.

Complaint, from city court of Atlanta—Judge Reid. April 7, 1906.

Submitted January 10,—Decided March 1, 1907.

*F. E. Radensleben,* for plaintiff. *C. D. Maddox,* for defendants.

RUSSELL, J. The defendant in error has filed a motion to dismiss the writ of error; and as this motion, if sustained, will dispose of the case, we will consider it first. The first ground of the motion sets up that the plaintiff in error has failed to incorporate in the bill of exceptions a brief of so much of the evidence as is material to a clear understanding of the errors complained of. By the Civil Code, § 5528, a duty is imposed on the judge as well as on the plaintiff in error; and hence this ground of the motion calls for a review of the actions of both. Paragraphs 1, 2 and 3 of

section 5528 read as follows: "1. If the case is not one in which a judgment on a motion for new trial is to be reviewed, the plaintiff in error shall plainly and specifically set forth the errors alleged to have been committed, and shall incorporate in the bill of exceptions a brief of so much of the written and oral evidence as is material to a clear understanding of the errors complained of, and shall specify therein such portions of the record as are material to such understanding. 2. If none of the evidence is material to elucidate the errors complained of, this fact shall be stated and the evidence omitted. 3. The judge to whom such bill of exceptions is tendered shall, if needful, change the same so as to conform to the truth and make it contain all the evidence, and refer to all of the record, necessary to a clear understanding of the errors complained of."

We think that the plaintiff in error did what he was required to do by paragraphs 1 and 2. We think the trial judge did what he was required to do in paragraph 3. It is true plaintiff in error did not detail in totidem verbis, or set forth in chronological sequence, the statements coming from the mouths of the witnesses as they were introduced on the hearing of the motion. A *brief* of the evidence is what is required, and the briefer the better, and certainly the more helpful to courts of review in reaching the merits of a case. In the bill of exceptions certified by the judge it is stated that all recitals in the motion (to open the default) are "accepted as true and undisputed by the plaintiff in error," and thereinafter he asks to be sent up, as part of the record, the motion the statements of which, he says, are facts. It amounts to saying, all the evidence, material to a clear understanding of the errors of which I complain, is already "briefed" in the motion, and I ask it to be sent up. A fact admitted is not required to be otherwise proved. And a statement of a fact can not be better verified than by the admission of its truth by the opposite party. We think that it will hardly be questioned that the able judge in the court below so understood it, or he would have complied with the duty laid upon him in the Civil Code, § 5528, par. 3, and would have "changed it so as to make it contain all the evidence necessary to a clear understanding of the errors complained of." This court approves the manner in which this duty was performed by the trial court. Certainly it would have been impertinent for the defendant to have proved more

than he stated in his motion, and plaintiff in error says he admits all the recitals in the motion to be true. No testimony, no matter how many witnesses repeated it, nor how great their respectability and reliability, could have proved the statements in the motion any better, or have made the evidence any more full than did this admission of their truth. We can not determine from the record whether this admission was made in the court below or not; but if it had been as full and sweeping there as it appears in the bill of exceptions, we feel sure that the able trial judge would not have uselessly consumed time in hearing the evidence as to these facts, the law declaring them proved when admitted by the opposite party. It was the duty of the judge to make the bill of exceptions contain all the evidence material to a clear understanding of the errors complained of, and we think that duty was performed, not only as fully as required by law, but in such a way as to be practically helpful to this court. When plaintiff in error accepted all the recitals in the motion now before us as true, he said in effect, upon this agreed statement of facts (with regard to which there can be no dispute), "I contend that the judge erred in opening the default, and here are the facts which were addressed to his discretion." No doubt the trial judge so understood it, and so do we.

In the brief of the defendant in error further objection is urged to the certificate of the judge in that it reads, "*certain* recitals of the evidence," while section 5532, as is insisted, requires the wording to be either "*contains* all the evidence" or "*specifies* all the evidence." We are not required to consider this objection, because it is not set forth in the motion to dismiss; and we will only say in passing that the bill of exceptions shows, in the first place, that it is not true in fact. The words used, instead of being "*certain*" recitals of the evidence, are, "*contains* recitals" of the evidence. And in the second place, while it is true that section 5532 (Acts 1889, p. 114) prescribes a set form for the judge's certificate, it is also true that a later enactment (Acts 1893, codified as section 5534) expressly provides that it shall be the duty of the judge, to whom any bill of exceptions is presented, to see that the certificate is in legal form before signing the same; and any failure of any judge to discharge his duty in this respect shall not prejudice the rights of the parties by dismissal or otherwise. And the uniform

current of authority in this State approves the rule to which the concluding portion of this section gives utterance.

The second ground of the motion to dismiss complains that the plaintiff in error, not having incorporated in the bill of exceptions a brief of the evidence, also failed to have such brief approved and sent up as provided in the Civil Code, §5529. This section presents a right the exercise of which is optional with the plaintiff in error; and section 5531 specifically declares that "The plaintiff in error, at his election,'may incorporate the brief of so much of the evidence as is necessary to a clear understanding of the errors complained of, in the bill of exceptions, rather than have the same sent up in the record." Having already ruled that section 5528 was effectually complied with, and, even if it had not been so complied with in this case, that it is not good ground for dismissal, there is, in our opinion, no merit in this ground of the motion. It is therefore adjudged that the motion to dismiss be overruled and refused.

The facts in this case are as follows:

J. J. Brawner brought a suit against J. J. & J. E. Maddox, to the November term, 1905, of the city court of Atlanta. The defendants failed to file either answer, demurrer, plea, or other defense at said term as required by law, or afterwards during said term. At the regular appearance call of the court for said term the case was called, and, no defense having been filed, defendants were in default, and the court so entered upon its docket. The defendants did not, during said first term, when the default was entered against them, make any motion to open the default. At the next term (January, 1906) the defendants presented to the court a written motion or petition praying the court to open the default and to allow them to plead. The motion set up, as reasons why the default should be opened, that J. E. Maddox, one of the members of the firm, had charge of this particular kind of business; that when he was served, the copies were laid upon his desk and he fully intended to file proper pleadings by way of defense; that at that time J. E. Maddox was sick, barely able to be at his office or attend to business, and he forgot the papers lying on his desk; that important matters of business called him to New York, and during his absence the papers became misplaced and there was nothing to remind him of them on his return; that defendant's attorney was also sick at that time, for which reason defendants failed to file

proper demurrers, pleas, and answers; that J. J. Maddox, the senior member of the firm, was also in bad health and was unable to attend to any business; and that defendants had a meritorious defense, were ready to plead instanter, and announced ready to proceed with the trial.   This petition to open the default was heard at the March term in open court, the defendants introducing an affidavit substantiating its allegations.   The plaintiff accepted the recitals therein as true and undisputed, and offered no evidence. The court thereupon passed an order opening the default and allowing defendants to file their plea, answer, or demurrer to plaintiff's petition, upon payment of costs; and this action of the court is one of the exceptions of plaintiff in error.   Upon the showing made the court might either have refused to grant the petition or have granted it and allowed the default to be opened.   The Civil Code, §5072, provides that "at the trial term the judge in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge from all the facts shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court.   In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial."   There was, for some time after the passage of the act of 1895, doubt as to whether there were any terms upon which a default could be opened after the trial term.   We think it now well settled that a default can not be opened after the trial term has passed.   *Deering Harvester Co.* v. *Thompson,* 116 *Ga.* 419.   But at the trial term, both by the terms of the statute as well as by numerous decisions, it is left a matter wholly within the discretion of the trial judge whether he will open the default at the trial term, provided always that the conditions required by §5072 be complied with.   And by special act the provisions applicable to judges of the superior court are made applicable to the city court of Atlanta in the matter of opening defaults.   Acts 1902, p. 117. The defendants further insisted that the entry made by the judge did not put the case in default.   The consideration of this contention is of no great moment, inasmuch as we hold that the judge did not err in opening the default.   But we think that the entry made by the judge was a perfectly good judgment by default, and,

if it had not been opened, would have entitled the plaintiffs to take a verdict at the trial term. It is better practice to make entry on the docket by using the words "in default," as prescribed by §5069; but as the entries on the bench docket have been held to be mere memoranda for the information and guidance of the judge and for his special use, we are of the opinion that the abbreviation "Def'lt" was just as intelligible, and equally as effective to inform the court at the trial term that the defendant had not filed any defense at the appearance term, as if the words "in default" had been written out in full. The wording of §5072 is such that it conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, "where the judge from all the facts shall determine that a proper case has been made," etc. We can not say that the learned trial judge abused the discretion as insisted by plaintiff in error. It is true that in *Cannon* v. *Harrold,* 61 *Ga.* 158, it was held that a motion to vacate a judgment by default, on the ground that defendant was sick and could not put in his plea, was properly overruled, no reason being shown why the plea was not filed before the trial term. In *Athens L. M. Co.* v. *Myers,* 98 *Ga.* 397, it was held that it was not error to refuse to set aside a judgment by default, made at the same term at which the judgment was rendered, where no defense had been made to the act on account of the gross negligence of the defendant or his counsel, though defendant's showing contained allegations which might have constituted a good defense. In *W. U. Tel. Co.* v. *Lark,* 95 *Ga.* 806, a refusal to allow a default opened, where the motion was made upon the ground that a plea had been sent by mail to the clerk in time to be filed at the first term, was upheld. But all of these cases were decided prior to the passage of the act of 1895, now embodied in the Civil Code, §5072. We apprehend the true rule for the exercise of the discretion conferred by §5072 to be laid down in *Brucker* v. *O'Connor,* 115 *Ga.* 75: "While this section gives to the judge a broad discretion, it does not mean that he can act arbitrarily, but that he may exercise a sound and legal discretion. It does not give him authority to open a default capriciously or for fanciful or insufficient reasons. Excusable neglect does not mean gross negli-

gence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a reasonable excuse for failing to answer. The code gives a judge no authority to open a default, after the term has passed, for reasons that fall short of a reasonable excuse for the negligent failure to answer." See also *Kellam* v. *Todd,* 114 *Ga.* 981, and *Ingalls* v. *Lamar,* 115 *Ga.* 296. But while this court might, in the first instance, have refused to open the default on the showing made in this case, the law has such regard for and confidence in the proper exercise of discretionary powers of those of its ministers to whom it commits such authority, that every presumption is against the abuse of this trusted discretion. We will not say, therefore, that the judge erred when *he* determined "that a proper case had been made for the default to be opened." After the opening of the default the defendants demurred to the plaintiff's petition. In addition to general demurrer, defendants demurred specially upon the ground that plaintiff alleged no demand for the property, the value of which he sought to recover, because his petition shows that he has never paid the debt which he alleged he owed the defendant and to secure which he surrendered the property to defendants, and because, under the allegations of plaintiff's petition, the suit is really a petition for an accounting of which the city court of Atlanta had no jurisdiction. Upon the consideration of the petition we think the court did not err in sustaining these demurrers, no amendments of the petition being offered.                    *Judgment affirmed.*