### 5862.  BOWMAN v. WINN, sheriff, for use, etc.

1. A motion to open a default judgment is addressed to the sound legal discretion of the judge, and this discretion can not be said to have been abused when, after a hearing upon the only valid ground of the motion, upon conflicting testimony, he adjudges that that ground of the motion is not sustained by the evidence.
2. A defendant in an action of trover who has failed to file an issuable defense is restricted, in his cross-examination of the witnesses, to an inquiry as to the value of the' property, and can not contest the plaintiff's title or right of possession, as the case may be, by testimony, for the reason that he has failed to file any plea which denies the plaintiff's title or right of possession.
3. In an action of trover, brought by a sheriff or other levying officer as

nominal plaintiff, for the use of another, the nominal plaintiff's owner-
ship of the chattel is sufficiently established if it be shown that the
title to the property is in fact in the usee for whose benefit the action
was instituted.

4. A judgment directing a verdict will not be reversed when the finding
directed was demanded by the evidence.

DECIDED JULY 2, 1915.

Trover; from city court of Houston county—Judge Riley.   May
21, 1914.

*R. N. Holtzclaw,* for plaintiff in error.   *C. L. Shepard,* contra.

RUSSELL, C. J.  Winn, sheriff, for the use of A. J. Evans, insti-
tuted an action in trover against Bowman to recover certain mules.
The plaintiff elected to take a money verdict, and at the conclusion
of the evidence the court directed a verdict for the plaintiff.   There
is no complaint that the amount of the verdict is not authorized
by the evidence, but it is insisted, (1) that the court erred in re-
fusing to open the default and to permit the defendant, who had
filed no answer at the appearance term, to plead; (2) that the court
erred in refusing to permit the defendant to cross-examine Evans,
the real plaintiff, as to any fact except the value of the mules sued
for; and (3) that the court erred in directing a verdict in favor
of the plaintiff, because the plaintiff failed to show that the mules
belonged to Winn, sheriff, for the use of Evans, and, on the con-
trary, it was shown by undisputed evidence that they were the
property of A. J. Evans.

1.  We do not think the court erred in refusing to open the
default.   Section 5656 of the Civil Code declares, that "At the
trial term the judge in his discretion, upon payment of costs, may
allow the default to be opened for providential cause preventing the
filing of a plea, or for excusable neglect, or where the judge, from
all the facts, shall determine that a proper case has been made for
the default to be opened on terms to be fixed by the court.   In
order to allow the default to be thus opened, the showing shall be
made under oath, shall set up a meritorious defense, shall offer to
plead instanter, and announce ready to proceed with the trial."
In this case the defendant set up, as reasons for opening the de-
fault, (1) that he was ignorant that the statute required a plea to
be filed at the appearance term, and (2) that the defendant was
told by Winn, sheriff, that the defendant had a good title to the
mules.   It is evident that the trial judge correctly sustained a de-

murrer to these two grounds of the motion to open the default; for neither ignorance of the law nor the advice of a sheriff would excuse the defendant for failure to file his defense in time. In the third ground of the motion the defendant averred that the plaintiff's attorney informed him, in response to an inquiry, that "there was nothing to it and it was all off," and that by these remarks he was misled and made to believe the case would be dismissed or discontinued, and that therefore it was not necessary for him to do anything further or even to employ an attorney. The plaintiff traversed the grounds of the motion to open the default, and upon the issue thus formed the court heard evidence. The defendant testified, in effect, to the statements alleged by him to have been made by the plaintiff's counsel, and that attorney testified, that he had never made any such statements to the defendant or to any one else; that he at one time told the defendant that he thought the defendant "had him," but that he was going to do all he could to recover the mules. He testified that he made a proposition to give the defendant his fee, amounting to $50 or $60, in another case, if he would restore the mules to Evans, and that the defendant replied with a counter-proposition which he (the attorney) would not even consider. According to the testimony of this attorney, he never sought to advise the defendant, and did not mislead him. If the attorney made the statement which the defendant attributed to him, it would have constituted a legal fraud which might have required the court to open the default under the provisions of section 5656, supra, authorizing the opening of a default where a proper case has been made. However, the credibility of the witnesses was a matter for the court, and, it being established to the satisfaction of the trial court that the averments of that ground of the motion to open the default which set up the fraud were disproved, it can not be said that the discretion with which the court was clothed was abused.

It is true this discretion should be liberally construed in promotion of truth and justice. *Thompson* v. *Kelsey,* 8 *Ga. App.* 23 (68 S. E. 518). The requirement as to punctuality in pleading should never be so construed as to prevent inquiry into the real merits of a case. *Bass* v. *Doughty,* 5 *Ga. App.* 458 (63 S. E. 516). But since, as was held in *Brawner* v. *Maddox,* 1 *Ga. App.* 337 (58 S. E. 278), every presumption is against the abuse of this discretion,

and the maxim lex vigilantibus non dormientibus subvenit applies in such cases, one who moves to open a default must allege and prove some reason good in law why he failed to make a defense at the time he was required by law to present it. *Florida Central R. Co.* v. *Luke,* 11 *Ga. App.* 293 (75 S. E. 270). The trial judge having heard evidence upon the only ground of the motion which could have entitled the movant to have the default opened, and having upon a consideration of that evidence concluded that he failed to prove this ground, and exercising, as we must assume, his undoubted prerogative to determine the credibility of the witnesses who testified, the one in support of, and the other in opposition to the motion to open the default, we can not say that he erred. In the present case the motion was made at a term succeeding the appearance term, and the code section which we have quoted confers no authority to open defaults for reasons which fall short of a reasonable excuse, or where there is a negligent failure to answer. *Brucker* v. *O'Connor,* 115 *Ga.* 95 (41 S. E. 245). On the same subject see *Kellam* v. *Todd,* 114 *Ga.* 981, 982 (41 S. E. 39), and citations; *Ingalls* v. *Lamar,* 115 *Ga.* 296 (41 S. E. 573); *Deering Harvester Co.* v. *Thompson,* 116 *Ga.* 418 (42 S. E. 772).

2. Did the court err in refusing to permit the defendant to interrogate the witness A. J. Evans as to any fact except as to the value of the mules sued for? We think not. The petition seems to contain all the necessary and proper allegations, and, not being denied by plea, must be treated as being admitted. This left then only the question of the value of the property to be fixed by evidence. In *O'Connor* v. *Brucker,* 117 *Ga.* 451 (2), 452 (43 S. E. 731), which was a suit for personal injuries, where the defendant was in default, the Supreme Court held: "In view of the default, the only question that could have been considered was the amount of damages. The defendant had the right to contest this issue by rigid cross-examination or by the introduction of evidence, but had no right to extend the examination into matters of fact confessed by the failure to deny the allegations in the petition." The present action, like the *O'Connor* case, is for a tort, and it would seem that the rule should not be more rigid in an action for personal injuries than in an action in trover. The question of the extent to which inquiry into testimony affecting the merits of a case is allowable to a defendant who is in default in various actions

is discussed in *Durden* v. *Carhart,* 41 *Ga.* 76, 81; *Craig* v. *Pope,* 48 *Ga.* 551; *Hayden* v. *Johnson,* 59 *Ga.* 106; *Stephens* v. *Gate City Gas Light Co.,* 81 *Ga.* 150 (6 S. E. 838); *Davis* v. *Wimberly,* 86 *Ga.* 46 (12 S. E. 208); *Phillips* v. *Collier,* 87 *Ga.* 66 (13 S. E. 260); and upon consideration of these decisions, and under the controlling authority of the ruling in *O'Connor* v. *Brucker,* supra, we conclude that the trial judge correctly restricted the defendant's inquiry to the single question as to the value of the mules.

3. If proof that the mules in question were the property of A. J. Evans would not have authorized a jury to find for the defendant, because the suit was proceeding in the name of Winn, sheriff, for the use of A. J. Evans, then the court would have erred in directing a verdict. On the other hand, if the uncontradicted evidence of A. J. Evans that the mules for the recovery of which the sheriff had instituted an action in behalf of the witness demanded a verdict for the plaintiff, the fact that a verdict was directed would afford no ground for reversal. The witness Evans was the real party in the case. The sheriff was a mere nominal party, confessedly bringing the suit for the use of Evans. It does not appear from the evidence that the nominal party had any actual interest in the property, and the proof that Evans was the true owner of the property not only supported the allegations of the petition, but demanded the finding reached. Upon the coming in of the evidence that the real plaintiff, and not the nominal plaintiff, was the owner of the property sued for, the petition might have been amended by striking the name of the nominal party plaintiff from the action. Civil Code, § 5690. But, in any event, the failure to make this amendment, even if it was necessary, was cured by verdict. We hardly think it was necessary, because the allegation that Winn, sheriff, was suing for the use of Evans naturally implied that Evans was the real owner of the property.

*Judgment affirmed.*