## 7995. MORGAN v. GOLDSTEIN, receiver.

1. Under the facts there was no error in refusing to dismiss the plaintiff's petition, which was filed in the city court of Zebulon, although the original petition was addressed, "To the City Court of Pike county."
(a) "All claims arising ex contractu between the same parties may be joined in the same action."
2. The judge did not abuse his discretion in refusing to open the default.

DECIDED JUNE 7, 1917.

Complaint; from city court of Zebulon—Judge Dupree. June 15, 1916.

*W. Y. Allen,* for plaintiff in error. *Evins & Moore,* contra.

BLOODWORTH, J. The act creating the city court of Zebulon (Georgia Laws 1909, p. 342) provides for quarterly terms, to be held on the second Monday in March, June, September, and December, and further provides that "in all cases founded upon unconditional contract in writing, in which there has been personal service on the defendant, and wherein no issuable defense has been filed thereto in writing, or is then offered to be filed, under oath, or if filed or thus tendered to be filed, the same is adjudged by the court to be insufficient in law, either in form or substance, and the same shall be stricken, then judgment shall be rendered by the court of such appearance term, without the intervention of a jury." On April 24 and June 24, 1912, and February 20, 1913, the American Investment Loan Company lent to Mrs. Willie R. Morgan different sums of money, taking for each a series of monthly notes. In November, 1914, the American Loan and Investment Company was placed in the hands of a receiver. Mrs. Morgan defaulted in the payment of all three series of notes, and. M. F. Goldstein, as receiver, brought suit against her to the June term, 1915, of the city court of Zebulon. The suit was in three separate counts, but only one process was prayed for. Copies of the notes sued on and a copy of the notice served on the defendant for the purpose of recovering attorney's fees were attached to the petition. This notice stated that unless settlement was made, suit would be brought to the June term, 1915, of the city court of Zebulon. The original petition was headed "City Court of Zebulon," but was addressed "To the City Court of Pike county." The petition was filed in the city court of Zebulon, and the process attached thereto was headed "City Court of Zebulon," and directed the

defendant to appear at the next "City Court of Zebulon to be held in and for said county on the second Monday in June, 1915." The copy of the petition, served on the defendant, was directed to the "City Court of Zebulon," and the sheriff served the defendant personally with a copy of the writ and process. No plea, answer, or demurrer was filed at the June term, 1915, of the city court of Zebulon, but the case on the docket was marked "default." On account of certain correspondence between the attorneys for the plaintiff and the defendant looking to an adjustment of the case, no judgment was taken until the March adjourned term, 1916, of the said city court. On March 7, 1916, the defendant filed a motion to dismiss the suit on the following grounds: (1) that there was no legal suit filed, as shown by the face of the petition, and no law authorizing such a suit; (2) because the petition set forth three separate and distinct actions; and (3) that the petition was addressed to the "City Court of Pike county," when there was no such court. This motion was overruled; whereupon the defendant filed a motion to open the default and file an answer. This motion also was overruled, and judgment was entered for principal, interest, attorney's fees, and costs, as sued for, less the payment of $200 made after the filing of the suit.

1. There was no error in refusing to dismiss the suit. (*a*) "All claims arising ex contractu between the same parties may be joined in the same action. Civil Code, § 5521; *Tygart* v. *Albritton,* 5 *Ga. App.* 412 (2), 415 (63 S. E. 521). "Different counts may be joined in all cases where the same plea applies and the same judgment can be rendered." *Mahaffy* v. *Petty,* 1 *Ga.* 261; *Lewis* v. *Douglas County Co-operative Store,* 111 *Ga.* 837 (36 S. E. 222). (*b*) While the original petition was addressed to "The City Court of Pike county," it was headed "City Court of Zebulon;" the defendant was served personally with a copy of the petition and process, and this copy petition was headed "City Court of Zebulon," and the process was headed "City Court of Zebulon," and required the defendant to appear at the June term of the "City Court of Zebulon." This being true, the direction of the original petition to the "City Court of Pike County" did not deprive the defendant of any right, and could not have injured her. There is no other city court in Pike county, and the jurisdiction of this court extended to all residents of Pike county. *Wolf* v. *Kennedy,*

93 *Ga.* 219 (18 S. E. 433); *Chapman* v. *Atchison,* 18 *Ga. App.* 317 (89 S. E. 344).

. 2. A motion to open a default is addressed to the sound legal discretion of the judge; and his discretion can not be said to have been abused when, after a hearing upon the grounds of the motion, upon conflicting testimony, it was adjudged that the motion was not sustained by the evidence. *Bowman* v. *Winn,* 16 *Ga. App.* 546 . (85 S. E. 787).

*Judgment affirmed.　Broyles, P. J., and Jenkins, J., concur.*