18195. WATKINS COMPANY *v.* RIVERS *et al.*

</div>

JENKINS, P. J. 1. Where, as in the instant case, all the testimony, including that offered by the plaintiff, conclusively establishes that the contract sued on was not executed by the defendant sureties, no recovery can be

Estoppel, 21 C. J. p. 1150, n. 89; p. 1152, n. 95; p. 1251, n. 90; p. 1253, n. 98, 99.

Principal and Surety, 32 Cyc. p. 69, n. 86 New; p. 139, n. 63.

had thereon as against them unless it should appear that they had, by their conduct, estopped themselves from denying the execution and binding force of the contract. .

2. While ordinarily an estoppel will not result from mere silence, yet where a person remains silent under circumstances which make it his duty to speak, the principal of equitable estoppel may thereafter be invoked by one who has thus been led to act to his injury so as to prevent the one remaining silent from asserting the truth which he, by his silence, has denied. Accordingly, where, as here, persons sued as sureties on the obligation of another receive notice from the obligee of the receipt and acceptance of the contract of suretyship, and the circumstances are such as the jury might have found would charge such sureties with notice that the obligee in the contract was about to make advances of goods on the faith of their signatures as sureties, the latter can not, after remaining silent while such advances were knowingly permitted to be made, thereafter assert that they did not execute the contract. See, in this connection, *Colquitt* v. *Smith,* 76 *Ga.* 709; Strauss *v.* Denton, 140 Miss. 745; Civil Code (1910), §§ 4419, 5736.

3. It was competent for the defendants to explain their failure to deny having signed the contract, and also to explain why certain letters recognizing his liability were later written by one of them to the plaintiff company, by offering testimony going to show that they had at one time executed with the principal obligor in the contract sued on another contract, similar to the one sued on, which contract had been returned unaccepted, and that they believed the plaintiff, in its notice, had reference to such previous agreement. *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 751 (21) (12 S. E. 18). Accordingly, in the event the jury found that the defendants, when notified of their acceptance as sureties, were cognizant that the plaintiff contemplated making advances to the principal debtor on the faith thereof, the proof of the execution of such former contract could properly be considered by the jury in determining whether the circumstances surrounding the admitted silence of the defendant sureties was such as would prevent them from being estopped thereby. .

4. Where, as in the instant case, the proof of any such former similar contract was contradicted by the testimony of the plaintiff's officers and agents to the effect that the contract sued on embodied the only agreement which had ever been entered upon between the plaintiff company and the principal obligor thereon, as well as the defendant sureties, and where the defendants' evidence with reference to its execution and return, and whether it had been returned at the time the letters to and from the plaintiff were written, is altogether vague and indefinite, the issues of fact made by the testimony upon that subject should have been submitted to the jury for determination, and it was error to direct a verdict in favor of the defendant sureties upon the theory that under all the proved facts and circumstances the jury could not have found that they were estopped to deny the execution of the agreement sued on.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided December 17, 1927.

Complaint; from Mitchell superior court—Judge Custer. May 10, 1927.

### STATEMENT OF FACTS BY JENKINS, P. J.

The J. R. Watkins Company brought suit against C. A. Ostean as principal, and C. H. Smith and J. C. Rivers as sureties, for the price of goods alleged to have been furnished to Ostean under a written contract executed between the plaintiff company and the defendants. Ostean filed no defense, and Smith and Rivers pleaded non est factum. The plaintiff's officers testified that "there was never any other or different agreement between the plaintiff and the defendant than the agreement plaintiff's exhibit 1 (the contract sued on) during the period covered by it, there was never any other different business connection or relationship between the plaintiff and the defendants than that which was created by and which existed under the contract marked plaintiff's exhibit 1 during the period covered by it." They further testified that the plaintiff company had no officer, agent, or representative or place of business in the State of Georgia during the year 1923, or at any other time, and that the defendant Ostean was never authorized to do any business for the plaintiff. They further testified that the contract sued on, dated December 25, 1923, was received in due course of business, and that the defendant sureties were notified by registered mail of its receipt and acceptance, the letters written by the plaintiff to each of the defendant sureties under date of January 19, 1924, being as follows: "We are pleased to inform you that we have received and accepted the contract of Mr. C. A. Ostean which you signed as surety." It appears that these letters were mailed to Smith and Rivers by registered mail, and were received and receipted for by them, the registry receipts being returned to the plaintiff and introduced in evidence by it. The account sued on showed that all the goods were shipped after the unanswered letters had been sent to the defendants, and all except the first shipment was made after more than ample time had elapsed for the defendants to have replied to the letters. The persons whose names appeared as subscribing witnesses to the contract sued on were sworn for the plaintiff, and each of them testified that he did not sign the contract as a witness thereto, that the signature appearing thereon as his signature as such witness was not genuine, and that the signatures of the defendant sureties thereon did not appear to be

genuine, but that, on the contrary, all the signatures on the contract of both sureties and witnesses appeared to have been signed by the same person. The defendant sureties each denied the execution of the contract sued on. They further testified, and offered other evidence going to show, that at some time they had each, at the request of Ostean, signed a contract *similar* to the one sued on, with the defendant Ostean as principal and a third additional surety; that that contract was returned, and they did not thereafter sign any other contract or authorize anyone else to do so for them. This testimony was objected to on the ground that it appeared that the plaintiff had not authorized Ostean to obtain such a contract, and was not bound by anything he did with reference thereto. The objection was overruled, and this ruling is assigned as error. It does not appear, from the testimony of either of the defendant sureties, to whom the first contract was returned, or how they obtained knowledge of its return, or when it was returned, or whether in fact it was ever received by the plaintiff. The defendant Smith testified, that he received the letter offered by the plaintiff advising him of the receipt and acceptance of a contract with Ostean which he signed as surety; that he thought the letter had reference to the similar contract which he did sign but which was returned, and that he did not deem it necessary to reply to the letter. The defendant Rivers testified to the receipt of the letter of acknowledgment, and that he thought it had reference to the contract actually signed. He further testified that a letter written by him to the plaintiff, dated October 29, 1924, in which inquiry was made as to the status of Ostean's account, and in which he said, "wish you would let me know at once, as I signed contract," and various other letters written by him in which he made reference to a contract signed by himself as surety and promised to undertake to pay plaintiff the amount due thereon, all of which were put in evidence by the plaintiff, had reference to the contract which he actually did sign; that "there were two contracts, one contract was signed by C. H. Smith, J. C. Rivers, and R. E. L. Culpepper; that contract was delivered up by them and returned. That was the only contract I knew anything about, and that was the contract that I thought they were referring to when they sent me this registered letter."

At the conclusion of the evidence the court directed a verdict for

the plaintiff as against the defendant Ostean and in favor of the defendant sureties. The plaintiff now excepts to this ruling, and assigns error on the admission of testimony with reference to the former contract. It is contended by the plaintiff that the evidence raises an issue of fact, which should have been submitted to the jury, as to whether the defendant sureties in fact executed the contract sued on; and that even if the evidence was insufficient to go to the jury on that question, the jury should have been permitted to determine whether the defendant sureties had estopped themselves to deny the execution of the agreement. The defendants contend that the proof shows, without dispute, that they did not execute the contract sued on, and there is no evidence which would warrant a finding that they were estopped to deny its execution.

*T. Glenn Dorough,* for plaintiff.

*Gardner, Gardner & Crow, Charles Watt Jr.,* for defendants.