REALTY CONSTRUCTION COMPANY *v.* FREEMAN *et al.*

No. 8672.  APRIL 13, 1932.

*Winfield P. Jones, Burdine, Terry & Fleming, McDaniel, Neely & Marshall,* and *Thomas M. Stubbs,* for plaintiff.

*Knight, Adair, Cooper & Osborne* and *Jones, Evins, Powers & Jones,* for defendants.

HINES, J.  On July '13, 1931, Realty Construction Company filed in Fulton superior court its petition against S. A. Lynch Enterprise Finance Corporation, S. A. Lynch, Y. F. Freeman, and C. T. Holcomb, in which the plaintiff sought certain equitable relief. All the defendants, except S. A. Lynch, were personally served with copies of the petition and process on July 13, 1931. Lynch was not served until September 11, 1931. On July 16, 1931, plaintiff served notice upon all the defendants, except Lynch, that the depositions of the defendants Freeman and Holcomb, as witnesses in its behalf, would be taken on July 21, 1931, before a commissioner appointed to take depositions under the provisions of section 5910 of the Civil Code of 1910. On the same day the plaintiff caused a notice to be served upon the defendants, except Lynch, calling upon them to produce before said commissioner, on July 21, 1931, certain documentary evidence for use upon the taking of the depositions of said defendants. On July 16, 1931, the commissioner issued subpœnas, which were served on Freeman and Holcomb, requiring them to appear before him on said date for the purpose of enabling plaintiff to take their depositions in its behalf. On the date set for the taking of these depositions and the production of said documentary evidence, Freeman and Holcomb specially appeared by their counsel, and moved to vacate the notice to take these depositions, upon the ground that the same was premature because there was no provision of law for taking depositions prior to the filing or time for filing of the defendants' pleas. The commissioner overruled the motion to vacate. Said defendants failed and refused to respond to said notice to produce served on them. Upon their refusal to appear and testify before the commissioner, and upon their refusal to respond to said notice to produce, the commissioner, on July 21, 1931, certified such facts to

the judges of Fulton superior court. Thereupon the plaintiff filed its petition in which it set out the foregoing facts, and prayed that said defendants be attached for contempt of court for refusing to appear before the commissioner and for failing to produce before him said documentary evidence. The court issued a rule nisi, calling upon them to show cause why they should not be adjudged in contempt. The defendants filed their response to the rule nisi, in which they admitted the facts, but set up that they failed to respond to the subpœnas and the notice to produce, because the same were premature, in that there was no provision of law for the taking of depositions of witnesses and for the production of documentary evidence prior to issue joined, for which reason the issuing of said subpœnas and the service of said notice to produce were without authority of law and were ineffective to require them to appear before the commissioner, for the reason that both at the time said notice was given and said subpœnas were issued and served, and at the time for said hearing, they had not filed their pleas and answers to the petition in said case, nor had the time for filing the same arrived; and that it was impossible for the court or commissioner, before defensive pleadings had been filed, to determine what evidence would be relevant upon any issue of fact involved in the case. They set up that for this reason they were not in contempt of court for failing to appear. On the hearing the court denied the motion to adjudge the defendants in contempt of court, holding that the notice of taking depositions and the notice to produce were premature because issue had not been joined. To this judgment the plaintiff excepted.

1. The proceedings in this case, to take the depositions of two of the defendants in behalf of the plaintiff, and the notice to produce documents to be used in the examination of such witnesses, were under the Civil Code, § 5910. Before depositions can be taken under this section, there must be a joinder of issue, or some issue must be raised by the pleadings. *Keystone Pecan Co.* v. *Clarke*, 149 *Ga.* 836 (2) (102 S. E. 352). The order of the examination must be had in conformity to the rules of the superior court governing the examination of witnesses in trials at law. Civil Code (1910), § 5914. The witness shall swear or affirm that the evidence he will give on the issues pending shall be the truth, the whole truth, and nothing but the truth. § 6317. The

660

fundamental rule is that evidence offered must correspond with the allegations and be confined to the point in issue; and unless it touches upon the issue which the parties have made by their pleadings, it is irrelevant and immaterial. Platner v. Platner, 78 N. Y. 90, 95; Oklahoma Gas &c. Co. v. Bates &c. Trust Co., 296 Fed. 281; Morrow v. Hatfield, 6 Humph. (Tenn.) 108; Daily's admr. v. Reid, 74 Ala. 415; Welsh v. Cowles Shipyard Co., 200 App. Div. 724 (193 N. Y. S. 355); 18 C. J. 633, (§ 69) b, notes 6 and 9, and cit.

2. The proceeding in this case was not brought under section 5647 of the Civil Code, which provides in part that the parties may commence to take testimony as soon as the petition is filed; and for this reason we are not called upon to decide whether the above provision of said section authorizes the taking of depositions before issue is joined.

3. Applying the rulings stated above, the trial judge did not err in dismissing the proceeding brought to attach these defendants for contempt in not appearing before the commissioner under subpœnas calling upon them to appear and testify as witnesses in behalf of the plaintiff, and in failing to produce documentary evidence to be used upon their examination.

*Judgment affirmed. All the Justices concur.*