25578.  H. C. WHITMER COMPANY *v.* PETTY *et al.*

DECIDED OCTOBER 19, 1936.

*T. Glenn Dorough,* for plaintiff.  *W. L. Nix,* for defendants.

SUTTON, J.  W. H. Whitmer Company filed suit in the superior court against the defendants on a contract in which another person was principal, and under which a recovery of $382.33, plus interest, was sought as indebtedness due to the petitioner by the principal for merchandise sold and delivered to him.  It appears from the evidence that the goods were shipped under a certain "credit agreement" in which it was recited: "In consideration of H. C. Whitmer Company extending the time of payment of the account now owing said company by said J. W. Simonton [the principal] in the sum of 122.94 dollars, and of further extending credit to the above-named party, as contemplated in the foregoing or attached agreement, we hereby jointly and severally guarantee to said company the payment of said sum and honest and faithful performance of said agreement, waiving acceptance of all notice, and agree that any extension of time or change of territory shall not release us from liability hereon."  The defendants, in support of a plea of material alteration of the contract, testified that at the time of signing the same the figures $122.94 had not been inserted in the contract, and that instead there appeared only a blank space; and it is their contention that because of said alleged alteration they are not bound.  The amount of the indebtedness is not disputed.  The plaintiff introduced in evidence copies of letters addressed to each of the defendants, and reading as follows: "This is to advise that we have accepted the credit agreement of Mr. J. W. Simonton of Grayson, Ga., which bears your signature with [those of the other defendants] as surety.  When you signed this agreement it contained the statement that Mr. Simonton owed the company $122.94, March 1, 1928, the date of the agreement."  One of the defendants testified that he was an uneducated man, but could sign his name; that when the agreement was presented to him he did not read it, but he "understood"

from his conversation with the principal that he (the defendant witness) was recommending the principal to be a good salesman; and that nothing was said to him about the $122.94 owing by the principal at that time. Signed registry receipt cards from all of the defendants, acknowledging receipt of the above-quoted notice, were introduced in evidence. It was undisputed that none of the defendants notified the plaintiff, after receipt of the above-quoted notice, that the amount of $122.94 was not correct or due, that the extension of time to the principal was not authorized, that the agreement had not been signed, that further shipment of goods to the principal was not authorized, or that the defendant would not be liable under the contract. The jury found in favor of the defendants. The plaintiff filed a motion for new trial on the general grounds and on several special grounds, which latter grounds, in the view that we take of the case, need not be considered. The court overruled the motion, and the plaintiff excepted.

"While ordinarily an estoppel will not result from mere silence, yet where a person remains silent under circumstances which make it his duty to speak, the principle of equitable estoppel may thereafter be invoked by one who has thus been led to act to his injury, so as to prevent the one remaining silent from asserting the truth which he, by his silence, has denied." *Watkins Co.* v. *Rivers,* 37 *Ga. App.* 559 (2) (140 S. E. 770). Accordingly, where the evidence showed that persons sued on the obligation of another received notice from the obligee of the receipt and acceptance of the contract, and the circumstances were such as to notify the defendants that the obligee was about to ship merchandise to the principal on the faith of their contract, and that the principal already owed $122.94 at the time of the signing of the contract by the defendants, they are estopped by their silence from asserting that they did not execute the contract or that at the time of the execution thereof the figures $122.94 were not inserted therein as the amount due by the principal. This rule applies equally to the defendant who testified that he could not read, as he made no effort to have the notice read to him by any one or to ascertain its contents. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due

to negligence, shall be equivalent to knowledge, in fixing the rights of parties. Code, § 37-116. It follows that the evidence demanded a finding that there had been no material alteration of the contract. Under the ruling stated above, the total amount of the indebtedness being admitted on the trial, the evidence demanded a finding in favor of the plaintiff. The court erred in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*