EVANS *v.* DENNIS *et al.*

No. 16037.   January 9, 1948.

*Evans & Evans,* for plaintiff.

*Price & Spivey, M. C. Barwick, and Robert E. Knox,* for de-
fendants.

HEAD, Justice. ■ The first question for determination here is whether or not the trial court erred in permitting the default to be opened and defensive pleadings to be filed by the defendant, Belmont Dennis. Section 21 of the Rules of Procedure Act (Ga. L. 1946, p. 778) provides in part: "At any time before final judgment, the judge, in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court." This rule follows the former law, except that the discretion of the trial judge may be exercised "at any time before final judgment," whereas under the former law his authority was limited to "the trial term."

The evidence offered by the plaintiff in error would have authorized a finding that Dennis could have filed defensive pleadings within the period prescribed by law. There was evidence offered by the defendant Dennis in support of his contention that, due to a severe illness, he was unable to devote the time and attention necessarily required in the preparation of his pleadings and defenses.

Where the judgment rendered, permitting the opening of a default, is based on conflicting evidence, the discretion vested in the trial court will not be controlled unless manifestly abused. Here there was sufficient evidence to show that Dennis's delay was "excusable neglect," since his physician testified that during the months of May, June, and July of 1947 he was not able to transact any business such as properly assisting in preparing and filing defensive pleadings. It was during these months that the defendant could have filed defensive pleadings as a matter of right, had he been able to do so. Under all of the evidence, it was not error for the trial court to open the default and permit Dennis to file his pleadings.

■ The next question for determination is whether or not the petition states a cause of action against the defendant Dennis. The petition charges Dennis and named defendants with a conspiracy to buy and sell the stock of the corporation in violation of an alleged bylaw prohibiting the sale of stock to an outsider until after such stock has been offered to the other stockholders

at par value plus 10 percent. The defendant contends that such a bylaw, if in existence during the time of the acts complained of, is invalid, being against public policy and in restraint of trade.

The Code (Ann. Supp.), § 22-1827 (f), provides: "Every corporation, by virtue of its existence as such,. shall have power: . . (f) To make bylaws not inconsistent with the Constitution or laws of the United States or of this State or of its charter for the exercise of its corporate powers, the management, regulation and government of its affairs and property, the transfer of its stock, and the calling and holding of meetings of its stockholders and directors."

From the allegations of the petition in this case, it does not appear that the bylaw in question is against public policy. A bylaw of a corporation, requiring a stockholder to offer his stock to other stockholders at a stipulated consideration before selling such stock to third persons, is not any more against public policy than a contract of like character between individuals. In *Cothran v. Witham*, 123 *Ga.* 190 (51 S. E. 285), this court sustained an agreement by Cothran not to sell certain stock until after it had been offered to Witham in writing at the book value of the stock. In the opinion in the *Cothran* case, this court held in part as follows: "Counsel for the plaintiff in error also argued that the contract was against the policy of the law, in that it placed an indefinite restriction upon the alienation of. the stock, and violated 'the rule against perpetuities.' We cannot concede the soundness of this argument, as we think it clear that the right of Cothran to sell the stock at any time he might see fit was not restricted, save that before selling it to one other than Witham he was bound to offer it to the latter, in writing, at its book value; and that in any event the contract would have terminated upon the death of Witham." (Compare *Rhodes* v. *Lane*, 202 *Ga.* 608, 44 S. E. 2d, 114.)

The rule laid down in the *Cothran* case is in accord with the general rule that a bylaw of a corporation such as is alleged in the present case is valid and binding. In 13 Am. Jur. p. 413, § 338, the rule is stated as follows: "Whether a bylaw requiring a stockholder before selling his stock to afford the corporation or other stockholders an opportunity to purchase the same is valid, is the subject of conflicting decisions. *According to the*

*weight of authority, such a bylaw is valid and binding upon the stockholder, either as a regulation within the powers of the corporation or as a contract obligation voluntarily undertaken by the stockholder.* [Italics ours.] The contrary view has, however, also been taken."

The petition in this case states a cause of action which entitles the petitioner to the opportunity of proving his allegations, and the court erred in sustaining the general demurrer filed by the defendant Dennis:

■ "An agent is personally liable to those injured by his misfeasance or act of negligence, but ordinarily he is not liable for mere nonfeasance." *Kimbrough* v. *Boswell,* 119 *Ga.* 201 (45 S. E. 977). "An agent is . . liable to third persons for misfeasance. . . Misfeasance means the improper doing of an act which the agent might lawfully do." *Owens* v. *Nichols,* 139 *Ga.* 477 (77 S. E. 635).

Paragraph 13 of the petition charges the defendant, J. Fred Eden, with certain acts of misfeasance. The allegations of the petition set out a cause of action against this defendant, and the court erred in sustaining his general demurrer and in dismissing the case as to him.

*Judgment affirmed in part, and reversed in part. All the Justices concur, except Duckworth, P. J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*