44586. MINNESOTA MUTUAL LIFE INSURANCE COMPANY v. LOVE, Administratrix.

DEEN, Judge. The petition in this case was filed June 12, 1968, and service by second original effected on July 15. An answer was filed on August 24. On October 21 a motion to open the default was made, but costs in the case were not paid until November 13. After hearing evidence, the court denied the motion and the defendant appeals.

A private agreement between counsel to extend the time to file pleadings is not binding on the court, except when a written stipulation by counsel is filed in the case. *Code Ann.* § 81A-106 (b); *First National Ins. Co. v. Thain,* 107 Ga. App. 100, 104 (129 SE2d 381). In the present case there is a conflict in the recollection of counsel for the opposing parties which illustrates the wisdom of the rule that agreements of this nature, when made, should always be reduced to writing. Counsel for the defendant might, at the time the defensive pleadings were filed, have opened the then existing default as a matter of right upon payment of costs under *Code Ann.*

§ 81A-155 (a) and he now contends that he would have done so but for his understanding that counsel for the plaintiff orally indicated he would waive this requirement. This counsel for the plaintiff denies. Payment of costs is a mandatory condition precedent to opening a default. *Miller v. Phoenix Mut. Life Ins. Co.,* 168 Ga. 321 (3) (147 SE 527). Counsel for the defendant knew that the time for filing defensive pleadings had expired; consequently the burden was upon him to obtain a proper order or stipulation as required by *Code Ann.* § 81A-106 (b) under his own view of the transaction which was that plaintiff had agreed to extend the time for filing the answer. Under the view expressed by counsel for the plaintiff there would be no fact situation under which the discretion of the court could operate, since if no agreement had been reached, and all the facts were known, there would be no reason not to utilize the method of opening the default during the first 15 days when it might be done as a matter of right by paying the costs. Counsel for both parties undoubtedly testified in accordance with their honest recollection, but the trial court, faced with a conflict in the evidence, had an absolute right to decide either way, depending on which view appeared to him more cogent. *Bowman v. Winn,* 16 Ga. App. 546 (1) (85 SE 787); *Morgan v. Goldstein,* 20 Ga. App. 115 (2) (92 SE 777).

"Where the judgment rendered, permitting the opening of a default, is based on conflicting evidence, the discretion vested in the trial court will not be controlled unless manifestly abused." *Evans v. Dennis,* 203 Ga. 232 (1) (46 SE2d 122).

Georgia cases such as *Bowman v. Winn,* 16 Ga. App. 546, 548, supra,—"since . . . every presumption is against the abuse of this discretion, and the maxim lex vigilantibus non dormientibus subvenit applies in such cases one who moves to open a default must allege and prove some reason good in law why he failed to make a defense at the time he was required by law to present it. *Florida Central R. Co. v. Luke,* 11 Ga. App. 293 (75 SE 270). The trial judge having heard evidence upon the only ground of the motion which could have entitled the movant to have the default opened, and having upon consideration of that evidence concluded that he failed to prove this ground, and exercising, as we must assume, his undoubted prerogative *to determine the credibility of the witnesses who testified* [emphasis supplied], the one in support of, and the

other in opposition to the motion to open the default, we can not say that he erred."—should be followed.

"Two attorneys . . . announced . . . that they had conferred with counsel for the plaintiff and that the understanding had with him was that the case should not be heard until they had been advised. The judge of the county court upon this statement, ordered that the judgment be opened and that the defendant be allowed to plead. *Held,* that this was error. No agreement of counsel is binding, *unless in writing.* No such agreement was shown, but the case was reinstated, upon the mere verbal statement of counsel for one side." *Exchange Bank of Macon v. Elkan,* 72 Ga. 197.

The Act of 1946 amending *Code* § 110-404 to the extent of providing that a default may be reopened at any time before final judgment did not enlarge the discretion of the trial judge, which must always be exercised in accordance with law. *R. H. Macey & Co. v. Chancey,* 116 Ga. App. 511 (3) (157 SE2d 758). *Code Ann.* § 110-404 and *Code Ann.* § 81A-155 (b) are in identical language.

The situation is not changed by reason of the fact that the plaintiff participated in the taking of depositions on notice given by the defendant. Had the plaintiff been the protagonist in taking the depositions estoppel might perhaps have resulted to insist on the default, but it was the defendant who gave the notice and took the depositions. Plaintiff might, under *Code Ann.* § 81A-132 have objected to the notice on the ground that the case was in default, but failure to do so would not of itself be sufficient to re-instate the case.

The denial of the motion was without error.

*Judgment affirmed. Jordan, P. J., Hall, P. J., Pannell and Quillian, JJ., concur. Bell, C. J., Eberhardt and Whitman, JJ., dissent. Evans, J., not participating.*

ARGUED JULY 8, 1969—DECIDED SEPTEMBER 24, 1969— REHEARING DENIED OCTOBER 20, 1969—

*Oliver, Maner & Gray, Joseph M. Oliver, Thomas S. Gray, Jr.,* for appellant.

*Dubberly & Dubberly, Bruce D. Dubberly, B. Daniel Dubberly, Jr.,* for appellee.

EBERHARDT, Judge, dissenting. It is my view of this matter that because of a waiver or of an estoppel by reason of the conduct of plaintiff's counsel there was an abuse of discretion in the court's refusal to open the default.

The evidence leads inescapably to the conclusion that counsel for the defendant honestly and in good faith believed that counsel for the plaintiff had orally waived the default and consented to the late filing of defensive pleadings.[1] When, as here, the defensive pleadings are tendered and filed 36 days after service and defendant may open the default as a matter of right by doing nothing more than paying the accrued court costs, reason for declining to waive the late filing and insisting upon payment of the costs is not compelling, and experience indicates that often it is not done.

It was not so specified in *Code* § 38-2301, the applicable statute prior to CPA, as it is not specified in the provisions of CPA relative to the taking of depositions that issue be joined prior to the taking of them, but the Supreme Court held in *Realty Construction Co. v. Freeman*, 174 Ga. 657, 659 (163 SE 732) that "Before depositions can be taken under this section, there must be a joinder of issue, or some issue must be raised by the pleadings," and we apprehend that this requisite survives the repeal of § 38-2301 and attaches to its successor, § 81A-126. When counsel for the plaintiff participated in the taking of the depositions it was tantamount to an acknowledgment by him that the answer had been timely filed, or a waiver of the late filing, and that the case was thus at issue. Cf. *McRae v. Boykin*, 50 Ga. App. 866, 879 (179 SE 535).

This important circumstance was calculated to lead counsel for the defendant into the security of a belief that there had been a waiver, and thus to mislead him to defendant's injury, for he was bound to know that it involved the accrual of an inequitable expense on the defendant if the case stood in default

---

[1]It is to be noted that under CPA § 81A-108 (c) the requirement that waiver or estoppel be set forth affirmatively applies only when "pleading to a preceding pleading," which a motion to open a default does not.

and the evidence could not be utilized in making a defense. *Smith v. Jones,* 185 Ga. 236 (1) (194 SE 556).

While there is a conflict as to whether there was acquiescence by plaintiff's counsel in the late filing of defensive pleadings by a telephone conversation with defendant's counsel, it is undisputed that defendant's counsel participated in the taking of the several depositions which defendant expected to use on the trial of the case and that he remained silent as to his intention to insist upon a default until shortly before the trial was scheduled to take place. Consequently, *Bowman v. Winn,* 16 Ga. App. 546 (1), supra, and *Morgan v. Goldstein,* 20 Ga. App. 115 (2), supra, do not require an affirmance.

If counsel for the plaintiff intended to insist upon the default it was incumbent upon him to make that fact known before completing arrangements for and participating in the taking of the depositions so that the accumulation of an unneeded and wasteful expense and trouble might have been avoided. To put it another way, we think plaintiff is estopped to assert the default. *H. C. Whitmer Co. v. Petty,* 54 Ga. App. 377 (187 SE 908); *Watkins Co. v. Rivers,* 37 Ga. App. 559 (2) (140 SE 770). "There are methods of expressing agreement other than by word of mouth. Conduct can be as articulate as language. An old adage declares that actions speak louder than words. The books are full of instances where parties were estopped though they were speechless at the time." *Smith v. Jones,* 185 Ga. 236, 241, supra. "In order to create an equitable estoppel it is not necessary that there should be an intentional moral wrong, (but that) negligence, when there is a duty cast upon a person to disclose the truth, may supply the place of intent. . ." *City of East Point v. Upchurch Packing Co.,* 58 Ga. App. 829, 831 (200 SE 210). "Conduct likely to lead to injury must not be allowed to justify itself. . ." *Griffin Grocery Co. v. Pennsylvania R. Co.,* 93 Ga. App. 546, 549 (92 SE2d 254).

When counsel for the defendant learned that the default would be insisted upon, the costs were paid.

The defense set out in the pleadings which were on file, if established, appears to be meritorious.

"Punctuality is a virtue of high order, but truth and justice

are even more exalted; hence the demand for punctuality in pleading should not be so strict as to prevent inquiry into truth and to deny justice where the delinquency is reasonably excusable. Therefore, while the law makes requirements of punctuality in pleading, it also usually makes provision for relieving against the penalties imposed for a lack of this virtue, when the interests of truth and justice require it." *Bass v. Doughty,* 5 Ga. App. 458, 460 (63 SE 516). And see *Brawner v. Maddox,* 1 Ga. App. 332, 337 (58 SE 278); *Butler & Co. v. Strickland-Tillman Hdw. Co.,* 15 Ga. App. 193 (82 SE 815); *First Nat. Ins. Co. v. Thain,* 107 Ga. App. 100 (129 SE2d 381).

"[T]he above Code section (now § 81A-155 (b)) 'providing for the opening of defaults, should be given a *liberal construction,* in the promotion of justice and the establishment of the truth; and the discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by this court unless manifestly abused, to the injury of the plaintiff.' " (Emphasis supplied.) *Strickland v. Galloway,* 111 Ga. App. 683, 685 (143 SE2d 3), and citations.

It is our view that the interests of truth and justice do require the opening of the default here, and especially in view of the delay in letting it be known that the default would be insisted upon and the attendant incurring of trouble and expense in taking depositions for use at what was thought to be the upcoming trial.

There can be no injury to the plaintiff in opening the default here, for the defensive pleadings were filed at a time when they could have been filed as a matter of right, simply by the payment of the accrued costs. There is no substantial delay in informing the plaintiff of the nature of the defense. He is put to no disadvantage in preparing for trial of the case.

Denial of the motion was error.

I am authorized to state that Chief Judge Bell and Judge Whitman join in this dissent.